241 N.J. Super. 81 (1990)
574 A.2d 482
PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY, PLAINTIFF-RESPONDENT,
v.
KENNETH KRESS, DEFENDANT-APPELLANT, AND HANOVER INSURANCE COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 5, 1990.
Decided May 7, 1990.
*82 Before Judges J.H. COLEMAN and SKILLMAN.
*83 Jeffrey S. Charney argued the cause for appellant (Magner, Orlando, Kahn, Schnirman & Charney, attorneys; Jeffrey S. Charney of counsel and on the brief).
Randi S. Greenberg argued the cause for respondent Prudential Property & Casualty Insurance Company (Robert A. Auerbach, attorney; Randi S. Greenberg, of counsel and on the brief).
Virginia T. Shea argued the cause for respondent Hanover Insurance Company (Sellar, Richardson, Stuart & Chisholm, attorneys; Richard M. Chisholm, of counsel and Virginia T. Shea and Richard M. Chisholm, on the brief).
The opinion of the court was delivered by SKILLMAN, J.A.D.
This appeal presents an issue regarding the scope of underinsured motor vehicle insurance coverage (UIM) which we conclude is directly controlled by our recent decision in Gold v. Aetna Life & Cas. Ins. Co., 233 N.J. Super. 271, 558 A.2d 854 (App.Div. 1989).
On March 29, 1984, defendant Kenneth Kress was a passenger in an automobile being operated by John D. Roggie which was struck from the rear by a vehicle operated by Donna M. Tuchol. According to Tuchol, the Roggie vehicle was stopped at a red light at an intersection but started to move forward when the light turned green. Roggie stopped his vehicle again when a fire truck entered the intersection and Tuchol then rear ended him. Kress suffered serious injuries in the resulting accident.
Kress filed a personal injury action naming both Tuchol and Roggie as defendants. Tuchol had $50,000 in automobile liability insurance coverage. Her insurance company paid Roggie $500 for the damage to his automobile and settled Kress's claim by paying him the remaining $49,500 of her coverage. Roggie had $100,000 in liability coverage. His insurance company settled Kress's claim by paying him $20,000. Thus, Kress *84 received a total of $69,500 in settlement of his personal injury action.
At the time of the accident, Kress had an automobile liability insurance policy with plaintiff Prudential Insurance Company (Prudential) which included a UIM endorsement of $100,000. Kress demanded that Prudential pay him UIM benefits, because Tuchol's policy limit of $50,000 was less than his $100,000 UIM coverage. However, Prudential took the position that because the aggregate of Tuchol's $50,000 of coverage and Roggie's $100,000 of coverage exceeded Kress's $100,000 of UIM coverage, he was not entitled to UIM benefits.
Kress pursued his efforts to collect UIM benefits from Prudential by filing a demand for arbitration. Prudential responded by filing this declaratory judgment action.[1] On cross motions for summary judgment, the trial court declared that Prudential was not liable for UIM benefits for Kress's injuries. We reverse.
The circumstances under which an insured with UIM coverage is entitled to recovery are set forth in N.J.S.A. 17:28-1.1(e), which provides:
For the purpose of this section, (1) "underinsured motorist coverage" means insurance for damages because of bodily injury and property damage resulting from an accident arising out of the ownership, maintenance or use of an underinsured motor vehicle. Underinsured motorist coverage shall not apply to an uninsured motor vehicle. A motor vehicle is underinsured when the sum of the limits of liability under all bodily injury and property damage liability bonds and insurance policies available to a person against whom recovery is sought for bodily injury or property damage is, at the time of the accident, less than the applicable limits for underinsured motorist coverage afforded under the *85 motor vehicle insurance policy held by the person seeking that recovery. A motor vehicle shall not be considered an underinsured motor vehicle under this section unless the limits of all bodily injury liability insurance or bonds applicable at the time of the accident have been exhausted by payment of settlements or judgments. The limits of underinsured motorist coverage available to an injured person shall be reduced by the amount he has recovered under all bodily injury liability insurance or bonds....
We have recently decided three appeals involving the application of N.J.S.A. 17:28-1.1(e) where more than one driver is alleged to have been responsible for the injuries of a party with UIM coverage. In Nikiper v. Motor Club of America Cos., 232 N.J. Super. 393, 557 A.2d 332 (App.Div. 1989), certif. den. 117 N.J. 139, 564 A.2d 863 (1989), an insured with $100,000 in UIM coverage was involved in an accident with one driver who had $50,000 in liability coverage and another who had $100,000 in coverage. Both insurance companies paid the full amount of their coverages, totaling $150,000, to the insured. The insured filed a claim for UIM coverage on the theory that the driver with the $50,000 coverage was "underinsured" and that she was therefore entitled to the $50,000 difference between her $100,000 UIM coverage and the $50,000 liability coverage of the underinsured motorist. We agreed that the driver with only $50,000 coverage was an "underinsured" within the intent of N.J.S.A. 17:28-1.1(e). 232 N.J. Super. at 398, 557 A.2d 332. Nevertheless, we held that "where the amount paid by the insurors for the multiple tortfeasors equals or exceeds the amount of UIM coverage, plaintiff has no UIM claim." 232 N.J. Super. at 397, 557 A.2d 332. We concluded that this result was required by the final sentence of N.J.S.A. 17:28-1.1(e), which "provides for a pro tanto credit against the UIM coverage which reduces the available limits of that coverage by `the amount ... recovered under all bodily injury liability insurance.'" 232 N.J. Super. at 398, 557 A.2d 332. We interpreted the word "all" in this sentence to refer to all recoveries from the insurers for all tortfeasors, not solely the insurer or insurers of the underinsured motorist.
*86 Since Nikiper involved admitted multiple tortfeasors who paid the insured more than his total UIM coverage, we had no occasion there to consider the application of N.J.S.A. 17:28-1.1(e) to a case where the only alleged tortfeasor with coverage equaling the insured's UIM coverage disputes liability and consequently the aggregate amount paid to the insured in settlement of his tort claims is less than his UIM coverage. We addressed the application of N.J.S.A. 17:28-1.1(e) in that context in Gold v. Aetna Life & Casualty Ins. Co., 233 N.J. Super. 271, 558 A.2d 854 (App.Div. 1989), a chain collision involving three drivers other than the insured. Two of the other drivers had $25,000 in liability coverage and the third had $300,000 in coverage. The insured had $250,000 in UIM coverage. The insured settled his claims against the other three drivers for $112,500. The insurers for the drivers with only $25,000 each in liability coverage paid close to the full amounts of their policies in settlement but the insurer of the driver with $300,000 in liability coverage contributed only $70,000 to the settlement. The insured, alleging that his damages far exceeded the $112,500 received from the other drivers, then filed a claim for UIM benefits. His insurer denied the claim on the ground that the total liability coverages of the other drivers from whom he had received recoveries exceeded his UIM coverage. However, we held that the availability of UIM coverage depends solely on the aggregate liability of actual tortfeasors and that the settlement of a claim against an alleged tortfeasor does not bar the insured from seeking a determination by an arbitrator that the settling party was not liable. We stated that:
[W]hen the statute, N.J.S.A. 17:28-1.1(e), speaks of "available" insurance coverage, it plainly refers to that of persons who are actual responsible tortfeasors and not that of those who may have been "involved" in the accident without being liable under the law. To rule otherwise would lead to the result that underinsured coverage would be eliminated whenever entirely blameless persons involved in an accident happen to be heavily insured. [233 N.J. Super. at 276, 558 A.2d 854].
Consequently, we held that the insured would be precluded from receiving UIM benefits only if the arbitrator determined *87 that the driver with $300,000 liability coverage was partly or wholly responsible for the accident. However, we further held, consistent with Nikiper, that even if that driver were not found legally responsible for the accident, the insurer could still claim a credit for the $70,000 settlement paid on that driver's behalf.
The circumstances of this case are indistinguishable from those in Gold. The amount Kress received in settlement from the insurers for the drivers involved in the accident was less than his UIM coverage. Therefore, Kress contends that if an arbitrator agrees with his assertion that Roggie was not responsible for the accident, Prudential would only be entitled to a credit for the $20,000 actually paid to him by Roggie's insurer rather than the full $100,000 of Roggie's liability coverage. We agree for the reasons expressed in Gold that Kress is entitled to have an arbitrator determine whether Roggie had any legal responsibility for the accident and, if not, to determine whether Kress's total damages exceed his recovery in the personal injury action. If those findings are made, Kress would be entitled to UIM benefits not to exceed his $100,000 of UIM coverage less the $70,000 credit to which Prudential would be entitled, representing Tuchol's total liability coverage plus the amount actually received by Kress in settlement of his claim against Roggie.
Prudential argues that Gold was incorrectly decided, relying upon a statement in Pinto v. Garretson, 237 N.J. Super. 444, 451, 568 A.2d 119 (App.Div. 1989) that "[s]ince the limit of all bodily liability insurance applicable at the time was $500,000 under [one driver's] policy and $30,000 under [the other driver's] policy, or a total of $530,000, [plaintiff] was not underinsured within the meaning of the statute." However, this statement was dictum. The facts in Pinto were similar to those in Nikiper; plaintiff received a sum in settlements with the alleged tortfeasors in excess of the UIM coverage to which he claimed to be entitled. Therefore, the court was not confronted with the issue presented in Gold and in this case. In any event, we are satisfied for the reasons previously expressed *88 that Gold properly construed N.J.S.A. 17:28-1.1(e) and that Kress is entitled to have an arbitrator determine whether Roggie was legally responsible for the accident.
Accordingly, we reverse the order granting summary judgment in favor of Prudential and remand for further proceedings consistent with this opinion.
NOTES
[1] Prudential named both Kress and Hanover Insurance Company, which had issued an automobile liability policy to Roggie, as defendants in the action. Prudential asserted that the UIM benefits under Hanover's policy were available to Kress, as a passenger in Roggie's vehicle, and that Prudential was therefore entitled to pro rata contribution from Hanover pursuant to N.J.S.A. 17:28-1.1(e) for any UIM benefits Kress might be entitled to receive. However, it has now been confirmed that Roggie only had $15,000 in UIM coverage under his policy and Prudential has therefore dismissed its claim against Hanover.