873 A.2d 669 (2005)
377 N.J. Super. 579
Omar CARRASCO, Plaintiff-Appellant,
v.
Ruberth E. PALMA, Defendant, and
Chubb Insurance Company of New Jersey, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued April 5, 2005.
Re-argued telephonically May 9, 2005.[1]
Decided May 25, 2005.
*670 James C. Mescall, West Orange, argued the cause for appellant (Mescall & Acosta, attorneys; Mr. Mescall, on the brief).
John M. Bashwiner, Cedar Grove, argued the cause for respondent (Bashwiner & Woods, attorneys; Mr. Bashwiner, on the brief).
Before Judges COBURN, WECKER and S.L. REISNER.
The opinion of the court was delivered by
S.L. REISNER, J.A.D.
Plaintiff, Omar Carrasco, appeals a trial court order dismissing his claim against defendant, Chubb Insurance Company of America (Chubb) for underinsured motorist benefits (UIM). We reverse.
Plaintiff was a passenger in a motor vehicle owned by his ex-wife Monica Carrasco and operated by Ruberth Palma;[2] the Palma/Carrasco vehicle was insured by Chubb, with a policy that provided $100,000 in liability coverage and $100,000 in UIM coverage. The Palma/Carrasco vehicle collided with a vehicle operated by Dagberto Marte; that vehicle was covered by a $15,000 liability policy. With Chubb's consent, pursuant to Longworth v. Van Houten, 223 N.J.Super. 174, 538 A.2d 414 (App.Div.1988), plaintiff settled with Marte's insurance company for $15,000. Following mandatory arbitration, Palma and Marte were each found fifty percent liable for the accident and plaintiff was awarded $65,000 in damages. Under the Comparative Negligence Act, N.J.S.A. 2A:15-5.3, each defendant was only obligated to pay for his or her respective fifty-percent share of the award, or $32,500 each. The arbitration award was confirmed, and plaintiff accepted $32,500 from Chubb as liability insurer of the Palma/Carrasco vehicle. Plaintiff then moved to enter judgment against Chubb, as UIM insurer, for the $17,500 difference between the $15,000 policy available to Marte and the $32,500 judgment plaintiff had obtained against Marte.
The trial court denied the application, holding that plaintiff "was not an underinsured motorist" under the UIM statute, N.J.S.A. 17:28-1.1(e), because the amount of insurance coverage available to both Palma and Marte, added together, totaled $115,000. We conclude this was an erroneous construction of the UIM statute.
The UIM statute, N.J.S.A. 17:28-1.1(e), provides that
For the purpose of this section, (1) "underinsured motorist coverage" means insurance *671 for damages because of bodily injury and property damage resulting from an accident arising out of the ownership, maintenance, operation or use of an underinsured motor vehicle. . . . A motor vehicle is underinsured when the sum of the limits of liability under all bodily injury and property damage liability bonds and insurance policies available to a person against whom recovery is sought for bodily injury or property damage is, at the time of the accident, less than the applicable limits for underinsured motorist coverage afforded under the motor vehicle insurance policy held by the person seeking that recovery. A motor vehicle shall not be considered an underinsured motor vehicle under this section unless the limits of all bodily injury liability insurance or bonds applicable at the time of the accident have been exhausted by payment of settlements or judgments. The limits of underinsured motorist coverage available to an injured person shall be reduced by the amount he has recovered under all bodily injury liability insurance or bonds;
[Ibid.]
By its terms, the statute requires consideration of "a motor vehicle" and a defendant involved in an accident, and what insurance is "applicable" to that individual defendant and his or her vehicle. In a situation where there are multiple defendants, each defendant's vehicle and each defendant's insurance policy must be considered separately to determine whether that defendant's vehicle is underinsured. See Nikiper v. Motor Club of Am. Cos., 232 N.J.Super. 393, 398, 557 A.2d 332 (App.Div.), certif. denied, 117 N.J. 139, 564 A.2d 863 (1989) (Where an injured plaintiff sued multiple defendants one of whom, Giletto, had less liability coverage than plaintiff's UIM limits, we noted that "since [defendant Giletto's] car had a liability insurance policy of $50,000 and the [plaintiff] Nikiper car had UIM coverage of $100,000 with MCA, the Giletto car clearly was `underinsured. . . .'")[3] We must also consider whether, and to what extent, a defendant is an actual tortfeasor and not simply a named defendant:
[W]hen the statute, N.J.S.A. 17:28-1.1(e), speaks of "available" insurance coverage, it plainly refers to that of persons who are actual responsible tortfeasors and not that of those who may have been "involved" in the accident without being liable under the law. To rule otherwise would lead to the result that underinsured coverage would be eliminated whenever entirely blameless persons involved in an accident happen to be heavily insured.
[Prudential Prop. and Cas. Ins. Co. v. Kress, 241 N.J.Super. 81, 86, 574 A.2d 482 (App.Div.1990) (quoting Gold v. Aetna Life & Cas. Ins. Co., 233 N.J.Super. 271, 276, 558 A.2d 854 (App.Div.1989)).]
Once that inquiry is completed, we must also consider what insurance is actually "available to a person against whom recovery is sought" or is otherwise "applicable" to that person or his or her vehicle. N.J.S.A. 17:28-1.1(e). See Green v. Selective Ins. Co. of America, 144 N.J. 344, 352, 676 A.2d 1074 (1996).
That inquiry, in turn, is affected by the operation of the Comparative Negligence *672 Act, N.J.S.A. 2A:15-5.3, which provides that where there are multiple liable defendants, a defendant found sixty percent or more liable may be required to pay the entire judgment, while a defendant found less than sixty percent liable can only be required to pay his or her proportionate share of the judgment. In this case, because Palma was only found fifty percent liable, she could only be required to pay her $32,500 share of the judgment. Plaintiff could not look to the $100,000 Carrasco/Palma liability policy to pay for the shortfall in Marte's coverage. Therefore, Palma's $100,000 coverage was not "available" or "applicable" to pay the judgment against Marte, and it was certainly not, in any sense, "available" to Marte. See Arenson v. Am. Reliance Ins. Co., 284 N.J.Super. 337, 344-45, 665 A.2d 394 (Law Div.1994). Consequently, the Marte vehicle was underinsured within the meaning of the UIM statute, and plaintiff was entitled to look to his own UIM insurer to make up the shortfall.
This result is consistent with the purposes of the UIM statute, as we construed it in Longworth, supra, 223 N.J.Super. at 177-78, 538 A.2d 414:
The predicate of the 1983 amendments was the Legislature's evident perception that in terms of obtaining an adequate recovery from a negligent driver, the victim, especially one sustaining serious injuries, is placed at financial risk not only by uninsured drivers but also by underinsured drivers, typically drivers with the minimum liability coverage of $15,000/30,000 permitted by the statute. . . . The effect of the coverage is to require the insurer, as a matter of contractual agreement, to pay its insured, to the extent of the coverage purchased, the liability damages which the insured is entitled to from the negligent uninsured or underinsured tortfeasor less, in the case of the underinsured tortfeasor, the amount of the tortfeasor's coverage. . . . If an underinsured tortfeasor is involved, . . . his victim may not pursue his contractual UIM right against his own liability insurer until he has first recovered the tortfeasor's liability limit by settlement or judgment. That recovery is then offset against the maximum UIM coverage provided for by the policy.
[Ibid.]
As the Law Division held in Arenson, supra, 284 N.J.Super. at 345-46, 665 A.2d 394, so long as plaintiff has not actually recovered a total amount greater than his or her UIM policy limits, the underinsurance analysis must be applied to each individual tortfeasor. See also Walsh v. State Farm Ins. Co., 301 N.J.Super. 619, 625-26, 694 A.2d 324 (Law Div.1997). We agree with the reasoning of Arenson, as also cogently explained in Craig & Pomeroy, New Jersey Auto Insurance Law, § 27:4-6 at 457-63 (2005). See also Hreshko v. Harleysville Ins. Co., 337 N.J.Super. 104, 111-12, 766 A.2d 776 (App.Div.2001); CNA Ins. Cos. v. Cave, 332 N.J.Super. 185, 192-94, 753 A.2d 141 (App.Div.), certif. denied, 165 N.J. 678, 762 A.2d 659 (2000). The purpose of UIM insurance is to protect accident victims against losses due to underinsured tortfeasors. Simply adding up the total amount of insurance coverage held by all defendants, regardless of their percentage of liability to plaintiff and therefore regardless of whether their coverage limits are actually "available" to pay for plaintiff's injuries, would be contrary to the purpose of the UIM statute. See Prudential, supra, 241 N.J.Super. at 86, 574 A.2d 482.
Since Marte was underinsured and his $15,000 liability policy was insufficient to cover his $32,500 share of the award, plaintiff is entitled to recover UIM benefits in *673 the amount of the $17,500 difference from Chubb. We therefore reverse and remand for entry of a $17,500 judgment against Chubb in plaintiff's favor.
Reversed and remanded.
NOTES
[1] The case was re-argued because Judge Co-burn was added to the panel after the April 5, 2005 oral argument.
[2] According to plaintiff's brief, this defendant's correct name is "Palma E. Ruberth." We will refer to her in this opinion as "Palma" and we will refer to the vehicle she was driving as the "Palma/Carrasco vehicle."
[3] Nikiper addressed an issue, not presented in this case, of whether a plaintiff who settled with several defendants for a total amount greater than plaintiff's UIM limits could nonetheless pursue a UIM claim. We held that plaintiff could not pursue the claim, because the total actual recovery must be deducted from plaintiff's UIM limits. Id. at 395, 557 A.2d 332. Unlike this case, Nikiper did not involve a litigated or arbitrated case against the tortfeasors, and did not address the impact of the Comparative Negligence Act.